UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUDENGA INDUSTRIES,
INCORPORATED,

       Plaintiff,

v.                                           Case No. 18-2498-DDC

GLOBAL INDUSTRIES, INC.,

       Defendant.

## **STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and D. Kan. Local Patent Rule 2.3, the plaintiff, Sudenga Industries, Incorporated, and the defendant, Global Industries, Inc., have jointly proposed that an order be entered to protect inventions, techniques, know-how, trade secrets, business methods, and confidential financial information likely to be subject to discovery in this case, which involves allegations of patent infringement. The parties agreed to all terms of a protective order except for section 4 below, concerning which the parties presented competing proposals; the court has approved the language proposed by defendant after discussing the competing proposals and the rationale for same with counsel during a scheduling conference on October 30, 2018.

1       **Definitions.**  As used in this protective order:

(a)     "attorney" means an attorney who has appeared in this action;

(b)     "confidential document" means a document designated as confidential under this protective order;

(c)     to "destroy" electronically stored information means to delete from all databases, applications, and file systems controlled by a party or non-party subject to this order so that the information is not accessible without access to restricted automated backup archives or the use of specialized tools or techniques typically used by a forensic expert;

(d)     "document" means information disclosed or produced in discovery, including at a deposition;

(e)     "notice" or "notify" means written notice;

(f)     "party" means a party to this action;

(g)     "protected document" means a document protected by a privilege or the work-product doctrine;

(h)     "receiving party" means a party who receives documents produced by another party in this litigation; and

(i)     "restricted material" means documents designated as "confidential" or "AEO" (or the like) pursuant to Section 2 below.

2       **Designating a Document or Deposition as Confidential.**

(a)     A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.  Information and documents that may be designated as

confidential include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Certain confidential documents may be supplemented with a further designation pursuant to paragraph 2(c).

(c) A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only" or the abbreviation "AEO", in which case a confidential document so designated may not be revealed to another party. The supplemental designation "attorney's eyes only" or "AEO" shall be reserved for highly sensitive information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, proprietary computer source code, non-public financial information, non-public pricing information, and non-public customer identification data. The parties shall make reasonable efforts to limit the use of the supplemental designation "attorney's eyes only" or "AEO".

(d) Deposition testimony may be designated as confidential:
    (1) on the record at the deposition; or

(2) after the deposition, by promptly (i.e., within 21 calendar days of receiving the final transcript from the court reporter) notifying the parties and those who were present at the deposition.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3**     **Who May Receive a Confidential Document.**

(a) A receiving party may only use a restricted document for purposes of this action.

(b) No person receiving a confidential document may reveal it, except to:

    (1) two designated employees, plus one designated IT employee, of each party to this lawsuit who are actively involved in assisting with the prosecution or defense of this litigation, provided that the receiving party identifies the three employees to the producing party before disclosing any confidential information to the employees;

    (2) the court and its staff;

    (3) outside counsel for the parties in this litigation, or such counsel's partner, associate, or staff;

    (4) a person shown on the face of the confidential document to have authored or received it;

    (5) a court reporter or videographer retained in connection with this action;

    (6) independent outside experts or consultants who are not regular employees of a party but are retained on behalf of any of the Parties to assist in this

litigation any person who sign a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Sudenga Industries, Incorporated v. Global Industries, Inc.*, Civil Action No. 18-2498 in the United States District Court for the District of Kansas. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

(7) outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by a party's outside counsel to assist in this litigation and computer service personnel performing duties in relation to a computerized litigation system.

(c) No person receiving a document with an AEO designation may reveal it, except to:

(1) the court and its staff;

(2) outside counsel for the parties in this litigation, or such counsel's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) independent outside experts or consultants who are not regular employees of a party but are retained on behalf of any of the Parties to assist in this

litigation any person who sign a declaration that contains the person's name, address, employer, and title, and that is in substantially this form (the "acknowledgement"):

> I have read, and agree to be bound by, the protective order in the case captioned *Sudenga Industries, Incorporated v. Global Industries, Inc.*, Civil Action No. 18-2498 in the United States District Court for the District of Kansas. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

(6) outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by a party's outside counsel to assist in this litigation and computer service personnel performing duties in relation to a computerized litigation system.

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4** **Pre-Disclosure Notice Regarding Outside Experts.**

At least five (5) business days before any expert or consultant described in Section 3(b)(6) and Section 3(c)(5) is given access to restricted materials, the party seeking to give such access to such a person shall deliver (via email) to all other parties a copy of the signed acknowledgment and a résumé, curriculum vitae, or a description setting forth the person's (1) name, (2) office address, (3) present employer, job title and job description, (4) any litigation related

6

consulting activities within the last five years, (5) any relationship to the parties in this action, and (6) a brief job history for the past five years. If a party has a good faith basis for believing it would be harmed by the proposed disclosure to such person, the Party shall object to such disclosure within five (5) business days after service of the information called for in this paragraph. Objections must be made in writing and state with particularity the basis for the objection. In the event of such an objection to disclosure of restricted materials, the parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach an agreement regarding such disclosure, the party objecting to disclosure may, within ten (10) business days after the objection, request the Court to issue an order barring such disclosure. If the party objecting to disclosure fails to request the Court to issue an order barring such disclosure within the specified time, the objecting party waives its rights to object to that disclosure. The objecting party shall have the burden of showing why that person should not have access to restricted materials. Pending resolution of any such motion or application, no disclosure of restricted materials shall be made to that person. The filing and pendency of such motion shall not limit, delay or defer any disclosures of restricted materials to persons as to whom no such objection has been made.

5. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

6. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering

the error, provide notice of the error and produce a copy of the document designated as confidential.

7. **Use of a Confidential Document in Court.**

    (a) Filing. A confidential document may be filed only in accordance with D.Kan. Rule 5.4.6. This protective order allows parties to provisionally file documents under seal so long as the filing party includes a motion to, filed within one day of the provisionally-sealed documents. This protective order does not constitute the Court's agreement that any particular documents should be maintained under seal.

    (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly (including at the hearing or trial but before introducing the document in open court) notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

8. **Changing a Confidential Document's Designation.**

    (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise. The parties shall make good faith efforts to resolve disagreements over confidential document designations, such as to produce redacted copies under a different designation.

    (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

9. **Handling a Confidential Document after Termination of Litigation.**

    (a) Within 60 days after the termination of this action (including any appeals), each party must:

        (1) return or destroy all confidential documents; and

        (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    (b) Notwithstanding paragraph 9(a), outside counsel may retain one set of pleadings, deposition transcripts, expert reports, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

10. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a) Notice.

        (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

11. **Security Precautions and Data Breaches.**

   (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

   (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

12. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

13. **Use of Independently-Obtained, Unrestricted, Public, or Produced Information.** This protective order shall not impose any restrictions on documents or information produced in this litigation but not designated as restricted material or on the use or disclosure by a party of information or material properly obtained by the party independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation). This protective order also shall not apply to information that (a) was properly known to the receiving party before it was disclosed in this litigation, (b) is or became part of the public knowledge through no breach of the provisions of this protective order, (c) is independently developed by the receiving party without access to restricted materials, or (d) is disclosed to the receiving party by a party or

nonparty without restriction as to the disclosure, so long as the party or nonparty has the right to disclose the information to the Requesting Party.

14. **Previously Viewed or Obtained Material**. Nothing in this protective order shall preclude any party or its attorneys from showing restricted material to an individual who prepared, authored, received, or reviewed the material prior to the filing of this litigation.

15   **No Waiver of Privilege**. If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other grounds for withholding production to which any party would otherwise be entitled to assert, either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter, in this Litigation or in any other federal or state proceeding. Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work product doctrine, or any other privilege is not a waiver of that privilege or protection, so long as the holder of the privilege took reasonable steps to prevent disclosure and takes reasonable steps to rectify the error. Upon reasonably prompt written request of the producing party, the receiving party must sequester or promptly return the information and any copies it possesses or has made; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim.

**16.     Modification of this Protective Order**.  This protective order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this protective order by written stipulation of the parties (subject to the Court's approval)

**17.     Providing Advice to Clients**.  Persons qualified to view restricted material may make working copies, abstracts, digests or analyses of the restricted material for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection as the restricted material from which it is derived.  Nothing in this protective order shall bar or otherwise restrict any counsel of record from rendering advice to a client that is a party in this litigation and, in the course thereof, relying upon such counsel's knowledge of restricted materials, provided, however, that such counsel shall not disclose the details of restricted materials in a manner not specifically authorized under this protective order.

**18.     Requests in Other Cases for Protected Materials**.  If any person receiving material covered by this protective order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide material covered by this protective order and such subpoena, document demand, or request seeks material that was produced or designated as restricted material by any producing party, the person receiving the subpoena, document demand, or request shall give written notice as soon as possible (and, in any event, within seven (7) days after receipt of the subpoena or document request or before the deadline for response thereto, whichever is shorter) to counsel of record for the producing party and shall send a copy of this protective order to the party that caused the subpoena or document request to issue and inform that party that some or all of the materials called for by the subpoena or document request are subject to nondisclosure constraints under the terms of this protective order. The purpose of

these duties is to alert the interested parties to the existence of this protective order and to afford the producing party an opportunity to seek protection for its restricted material in the court from which the subpoena or document request issued. The producing party shall bear the burden and expense of seeking protection in that court. If such request to the court is timely made, then the restricted material shall not be produced until that court rules, provided there are no rules or laws requiring production despite a pending motion or request for a protective order. Nothing in this provision should be construed as authorizing or encouraging a receiving party to disobey a lawful directive from another court

Stipulated to:

Dated: Oct. 16, 2018

By: /s/ Austen Zuege
Michael S. Dodig (D.Kan. Bar No. 16660)
THE DODIG LAW FIRM, LLC
200 NE Missouri Road, Suite 200
Lee's Summit, MO 64086
Telephone: (816) 554-1599
Facsimile: (816) 554-4551
E-Mail: Dodig@dodiglaw.com

Austen Zuege (MN Bar No. 330,267) – admitted *pro hac vice*
WESTMAN, CHAMPLIN & KOEHLER, P.A.
900 Second Avenue South
Suite 1400
Minneapolis, Minnesota 55402
Telephone: 612-334-3222
Fax: 612-334-3312
E-mail: azuege@wck.com

**ATTORNEYS FOR PLAINTIFF
SUDENGA INDUSTRIES, INCORPORATED**

Dated: Oct. 16, 2018

By: /s/ Douglas A. Robinson
Timothy J. Sear (KS #14813)
POLSINELLI PC

6201 College Blvd., Suite 500
Overland Park, KS 66211
913.234.7402
tsear@polsinelli.com

Jay. E. Heidrick (KS #20770)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
816.753.1000
jheidrick@polsinelli.com

Keith J. Grady (KS #78132)
POLSINELLI PC
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone: 314.889.8000
Facsimile: 314.231.1776
kgrady@poslinelli.com

Matthew L. Cutler (*Pro Hac Vice*)
Douglas A. Robinson (*Pro Hac Vice*)
HARNESS, DICKEY & PIERCE, PLC
7700 Bonhomme Ave, Suite 400
St. Louis, MO 63105
Telephone: 314.726.7500
Facsimile: 314.726.7501
mcutler@hdp.com
drobinson@hdp.com

**ATTORNEYS FOR DEFENDANT GLOBAL INDUSTRIES, INC.**

Approved, as modified by the undersigned, on October 30, 2018, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge