# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SUDENGA INDUSTRIES, INC.,

    Plaintiff,

v.

GLOBAL INDUSTRIES, INC.,

    Defendant.

Case No. 18-2498-DDC-JPO

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Global Industries, Inc.'s Consented Motion for Leave to Remove ECF No. 73-14 from Public Filing and for Leave to File ECF No. 73-14 Under Seal (Doc. 75). Plaintiff Sudenga Industries, Inc., does not oppose the motion. For reasons explained below, the court denies defendant's motion.

The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted). This right is based on "the citizen's desire to keep a watchful eye on the workings of public agencies," *id.* at 598, and it helps "preserv[e] the integrity of the law enforcement and judicial process," *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). As a result, "there is a 'strong presumption in favor of public access.'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). That "strong presumption" is heightened when the information subject to a seal or redaction request (1) provides the basis for a court's adjudication of the merits of the litigation; or (2) is disclosed in another form or during a public proceeding.

*Id.* at 1302, 1305; *see also Mann*, 477 F.3d at 1149 (concluding individual's privacy interest diminished where information was previously disclosed in public court proceeding).

"The right of public access to judicial records, however, is 'not absolute' as '[e]very court has supervisory power over its own records and files.'" *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (quoting *Nixon*, 435 U.S. at 598). The party seeking to deny access must shoulder the burden to establish that a sufficiently significant interest "heavily outweighs the public interest in access." *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). And, "any denial of public access to the record must be '*narrowly tailored* to serve the interest' being protected by sealing or restricting access to the records." *Walker*, 761 F. App'x at 835 (quoting *Press-Enter. Co. v. Superior Court of Cal.*, 478 U.S. 1, 12–13 (1986)).

"Once a court orders documents before it sealed, the court continues to have authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents." *Pickard*, 733 F.3d at 1300. And, even after a court orders documents sealed, the party advocating for sealing continues to bear the burden of justifying the decision to seal. *Id.* at 1302. Thus, to the extent the court grants defendant's motion, the grant is subject to continued reexamination, particularly if any information sealed or redacted by this Order proves important to the court's resolution of the claims in this case.

Here, defendant seeks to seal a document marked as "Confidential" that reportedly contains plaintiff's proprietary information. The document was disclosed on the public docket on May 31, 2019, when defendant filed it as Exhibit N to Doc. 73. But, defendant represents that this public disclosure was inadvertent because defendant neglected to discern that plaintiff had designated this document as "Confidential" under the Protective Order. *See* Doc. 50 at 2–3.

By itself, one party designating one of its own documents as "confidential" under a Protective Order does not suffice to rebut the "strong presumption" favoring public access for court records. *Pickard*, 733 F.3d at 1302. This is especially true when, as here, a Protective Order has defined the term "confidential" to mean something less demanding than the kind of significant interest that "heavily outweighs the public interest in access." *Mann*, 477 F.3d at 1149. This case's Protective Order is such an order. It permitted plaintiff to designate Doc. 73-14 as confidential if it exposed the producing party to "potential legal liability to third parties." *Id.* at 3. That showing—were it the rationale for the "confidential" designation for Doc. 73-14—would not persuade the court to seal it.

The problem here is that the Consented Motion provides so little rationale for sealing. Indeed, it exclusively relies on the Exhibit's status as "confidential" under the Protective Order. And, while the court can imagine arguments that might justify a sealing order, neither plaintiff nor defendant has made the requisite showing. The court thus denies the current motion, but it will grant certain interim relief, as follows:

(1) The court orders the Clerk of the Court to seal Doc. 73-14 temporarily.

(2) If plaintiff or defendant (or both) wish to file a new motion asking the court to seal Doc. 73-14, the court—assuming movant(s) can make the showing required by *Nixon*, *Pickard*, and similar cases—will consider such a motion. If no party files a new motion within **10 days of this Order's date**, the court must remove the temporary seal imposed on Doc. 73-14. If any party files a new motion to seal Doc. 73-14, the document will remain sealed pending the outcome of that motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Global Industries, Inc.'s Consented Motion for Leave to Remove ECF No. 73-14 from Public Filing and

for Leave to File ECF No. 73-14 Under Seal (Doc. 75) is denied.  If either party wishes to file a new motion as described in this Order, it may do so within **10 days of this Order's date**.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court temporarily seal Doc. 73-14, as described in this Order.

**IT IS SO ORDERED.**

**Dated this 22nd day of July, 2019, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**