IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUDENGA INDUSTRIES, INC.,

    Plaintiff,

v.

    Case No. 18-2498-DDC-JPO

GLOBAL INDUSTRIES, INC.,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Global Industries, Inc.'s Renewed Motion to Seal Docket Number 73-14 (Doc. 86), which is Exhibit N to Doc. 73. Plaintiff Sudenga Industries, Inc. does not oppose the motion. For reasons explained below, the court grants defendant's motion in part and denies it in part.

As the court noted in its earlier order, the Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted). As a result, "there is a 'strong presumption in favor of public access.'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). That "strong presumption" is heightened when the information subject to a seal or redaction request (1) provides the basis for a court's adjudication of the merits of the litigation; or (2) is disclosed in another form or during a public proceeding. *Id.* at 1302, 1305; *see also Mann*, 477 F.3d at 1149 (concluding individual's privacy interest diminished where information was previously disclosed in public court proceeding).

"The right of public access to judicial records, however, is 'not absolute' as '[e]very court has supervisory power over its own records and files.'" *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (quoting *Nixon*, 435 U.S. at 598). The party seeking to deny access must shoulder the burden to establish that a sufficiently significant interest "heavily outweighs the public interest in access." *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). And, "any denial of public access to the record must be '*narrowly tailored* to serve the interest' being protected by sealing or restricting access to the records." *Walker*, 761 F. App'x at 835 (quoting *Press-Enter. Co. v. Superior Court of Cal.*, 478 U.S. 1, 12–13 (1986)).

"Once a court orders documents before it sealed, the court continues to have authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents." *Pickard*, 733 F.3d at 1300. And, even after a court orders documents sealed, the party advocating for sealing continues to bear the burden to justify the decision to seal. *Id.* at 1302. Thus, to the extent the court grants defendant's motion, the grant is subject to continuing reexamination, particularly if any information sealed or redacted by this Order proves important to the court's resolution of the claims in the case.

Here, defendant seeks leave to file under seal a document marked as "Confidential" that reportedly contains plaintiff's proprietary information. The document was disclosed on the public docket on May 31, 2019, when defendant filed it as Exhibit N to Doc. 73 (Doc. 73-14). But, defendant represents, this public disclosure of Exhibit N was inadvertent because defendant had not discerned that plaintiff had designated Exhibit N as "Confidential" under the Protective Order. *See* Doc. 50 at 2–3. Defendant previously filed a motion asking for leave to file Doc. 73-14 as a sealed document. The court denied the request because Doc. 73-14's status as

confidential under the Protective Order does not provide a sufficient showing that the Exhibit qualifies for a sealed filing. *See* Doc. 82 at 3–4.

The current Motion now renews its request to file Doc. 73-14 under seal. Document 73-14 is a structural engineering drawing of a Sudenga hopper minimal entry 16" discharge assembly. It contains a detailed parts list, a shipping note, dimensions of the hopper assembly, and figure showing some of the assembly's components. Defendant's Renewed Motion articulates assorted reasons to seal Doc. 73-14 from the public record. Defendant argues Doc. 73-14 contains "nonpublic detailed engineering information" and "sensitive information that . . . may subject [Sudenga] to competitive or financial injury if publicly disclosed." Doc. 86 at 4. Defendant also argues that the confidential information within Doc. 73-14 does not provide the basis for the court's adjudication of the merits of the litigation. Also, plaintiff acknowledges that only the figure reproduced in defendant's brief should remain in the public record and it considers the remaining information in Doc. 73-14 "confidential, proprietary, and trade secret." Doc. 86 at 5.

But, defendant's request is too broad. While Doc. 73-14 contains information that on its own may justify sealing the document, it also contains the "exploded drawing" that the parties concede is now part of the public record. Doc. 86 at 5. Such a request is not "narrowly tailored to serve the interest being protected" because it seeks to seal, in addition to confidential information, information already in the public record. *See Walker*, 761 F. App'x at 835; *Pickard*, 733 F.3d. at 1302, 1305. This court thus grants the current motion in part and denies in part. Specifically:

(1) the clerk of the court must maintain Doc. 73-14 as a sealed filing; and

(2) defendant must file a redacted version of Doc. 73-14 as a separate, public (not sealed) docket entry, redacting all information other than the exploded drawing included in defendant's brief.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Global Industries, Inc.'s Renewed Motion to Seal (Doc. 86) is granted in part and denied in part.

**IT IS SO ORDERED.**

**Dated this 16th day of August, 2019, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**