UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUDENGA INDUSTRIES,
INCORPORATED,

            Plaintiff,

v.                                            Case No. 18-2498-DDC

GLOBAL INDUSTRIES, INC.,

            Defendant.

## **ORDER**

Defendant Global Industries, Inc. has filed a motion to stay discovery (ECF No. 120) pending the court's ruling on its motion for summary judgment (ECF No. 118). Plaintiff Sudenga Industries, Inc. does not oppose the request to stay discovery but asks the court to rule on its pending motion to compel (ECF No. 110), notwithstanding the stay. Further, plaintiff requests leave to file its own motion for summary judgment. Defendant does not oppose plaintiff's request to file a cross-motion for summary judgment. For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants the motion to stay and grants plaintiff's request for leave to file a cross-motion for summary judgment. The undersigned denies the request to stay the resolution of plaintiff's motion to compel.

Analysis

It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed.[1]  However, there are four recognized exceptions to this policy.  That is, a discovery stay may be appropriate if at least one of these factors is present: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2]  The decision whether to stay discovery rests in the sound discretion of the court.[3]

The court has reviewed the record, the instant motion, and the pending motion for summary judgment.  The court concludes that a stay of pretrial proceedings is warranted.  As an initial matter, plaintiff "is supportive of a stay of discovery pending a ruling on summary judgment."[4]  Further, defendant has shown it is entitled to a stay on the merits.  The summary-judgment motion on the three patent-infringement causes of action is case-dispositive.  Even if the dispositive motion does not result in the complete dismissal of

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Lofland v. City of Shawnee, Kansas*, No. 16-CV-2183-CM-TJJ, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016); *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] ECF No. 123 at 1.

plaintiff's claims, a ruling would narrow the case, "making discovery at this point wasteful and burdensome."[5]  In particular, the undersigned agrees that proceeding with expert discovery while dual case-dispositive motions are pending is unduly burdensome at this stage, especially given the demands imposed by the COVID-19 pandemic.

Plaintiff is permitted to file its own motion for summary judgment by July 1, 2020. All pretrial proceedings in this case are stayed until both parties' motions for summary judgments are filed, briefed, and decided by the presiding U.S. District Judge, Daniel D. Crabtree.  The undersigned will rule on plaintiff's fully-briefed motion to compel (ECF No. 110) by May 15, 2020.  Defendant will be directed to comply with any order granting that motion by May 29, 2020.  The parties shall submit a proposed fourth amended patent scheduling order to the undersigned's chambers within 14 days of Judge Crabtree's summary-judgment rulings if the case remains at issue.

IT IS SO ORDERED.

Dated April 20, 2020, at Kansas City, Kansas.

                                       s/ James P. O'Hara
                                       James P. O'Hara
                                       U.S. Magistrate Judge

---

[5] *Woltkamp v. Kansas*, No. 16-2790-JAR, 2017 WL 373381, at *1 (D. Kan. Jan. 26, 2017).