IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUDENGA INDUSTRIES, INC.,

    Plaintiff,

    v.     Case No. 2:18-cv-02498-HLT

GLOBAL INDUSTRIES, INC.,

    Defendant.

# MEMORANDUM AND ORDER

This is a patent infringement case involving agricultural bin sweep technology. Plaintiff Sudenga Industries, Inc. alleges that Defendant Global Industries, Inc.'s Hutchinson NexGen 3000 Series Commercial Sweep (also referred to as NextGen 3000 Klean Sweep Auger) infringes various claims of its three related United States patents: 8,616,823 (the '823 Patent), 9,206,001 (the '001 Patent), and 10,017,338 (the '338 Patent).[1] Defendant contends that its product does not infringe the asserted claims and that the asserted claims are invalid.

The parties filed cross-motions for summary judgment (Docs. 118 and 138), and Plaintiff filed some related motions to strike (Docs. 133 and 144). Plaintiff seeks summary judgment on nearly every issue in this lawsuit: infringement of the 28 asserted claims, willful infringement, validity of the 28 asserted claims, and attorney fees. Defendant seeks summary judgment on a more limited basis: non-infringement of the asserted claims of the '823 Patent, invalidity of the asserted claims in the '001 Patent and the '338 Patent based on the on-sale bar, and invalidity of all asserted claims as either anticipated or rendered obvious by selected prior art. The Court finds

---

[1] Because the asserted patents claim priority to applications filed before March 16, 2013, the United States Patent Code in effect before the enactment of the American Invents Act (AIA) applies to this dispute.

triable issues of fact preclude summary judgment and that the motions to strike are not warranted. The Court denies all motions.

## I. BACKGROUND

Plaintiff is the owner by assignment of the three asserted patents. Alan G. Hoogestraat is the sole inventor on each patent, and each patent is titled "Bin Sweep Collector Ring Assembly." The patents are related. The '823 Patent was filed on February 18, 2011. The '001 Patent and the '338 Patent are continuations of the '823 Patent and claim priority to it.

Plaintiff alleges that Defendant's accused product infringes the following 28 claims: (1) claims 1, 6, and 8 of the '823 Patent, (2) 1, 6-8, 10, and 11 of the '001 Patent, and (3) claims 1, 4-19, 21, and 22 of the '338 Patent. All asserted claims claim priority to provisional patent application serial number 61/306,322 (the '322 Provisional), which was filed on February 19, 2010.

Plaintiff filed this lawsuit in 2018. The Court construed the terms in 2019.[2] The parties filed cross-motions for summary judgment in 2020. Between both motions, the parties seek a dispositive ruling on nearly every substantive issue in this case. Plaintiff also filed two motions to strike.

## II. STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to demonstrate that

---

[2] District Court Judge Daniel D. Crabtree conducted the *Markman* hearing and construed the disputed terms. Doc. 102. In December 2020, this case was transferred to the undersigned.

2

genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In applying this standard, courts view the facts and any reasonable inferences in a light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a 'reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[3,4]

## III.   INFRINGEMENT/NON-INFRINGEMENT

Both summary-judgment motions seek some ruling on infringement issues. Summary judgment of infringement requires two steps: (1) each asserted claim must be properly construed to determine its scope and meaning, and (2) the properly construed claim must be compared to the accused device or process. *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998). Plaintiff has the burden of proving infringement at trial, and literal infringement requires that "each and every limitation set forth in a claim appear in an accused product." *V-Formation, Inc. v. Benetton Group SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005).

Plaintiff moves for summary judgment of infringement on all 28 asserted claims. In slightly more than four pages of argument, Plaintiff contends that Defendant's accused product directly and literally infringes each asserted claim. For each patent, Plaintiff generally begins by asserting that Defendant's accused product infringes the asserted claims, it then refers the Court to its disputed statement of fact (*see e.g.*, Doc. 139 at 89-90 (citing to facts); Doc. 143 at 20-21 (disputing facts)) and amended infringement contentions (*see* Doc. 126-5), and it concludes with a "for

---

[3]   The Court applies the procedural law of the Tenth Circuit and the substantive law of the Federal Circuit for issues unique to patent law. *D Three Enters. v. SunModo Corp.*, 890 F.3d 1042, 1046-47 (Fed. Cir. 2018).

[4]   Because the parties have filed cross-motions for summary judgment, the Court is mindful of the standards that apply and independently considers each motion.

instance" highlighting a few claims and limitations. Defendant's motion is more focused and is limited to non-infringement of the '823 Patent. After reviewing both motions, the Court denies summary judgment because issues of fact exist.

**The '823 Patent:** Both parties seek summary judgment on the asserted claims of the '823 Patent. The principal issue of fact for the '823 Patent is whether the accused product has a "pivot stand attached to a top surface of the floor grate" as required by independent claim 1, from which claims 6 and 8 depend. The Court recognizes that this is a vigorously contested issue between the parties that was previewed during claim construction. Succinctly, claim 1 requires "a pivot stand attached to a top surface of the floor grate," *see* '823 Patent at 6:7, and also requires "a collector ring having a first stationary portion and a second rotatable portion, wherein the stationary portion is attached to the pivot stand above the floor grate," *id.* at 6:9-11.

Plaintiff contends that the open-ended nature of this claim (i.e., "comprising") means that the pivot stand can be a multi-piece assembly. Plaintiff argues that the pivot stand can have more than one attachment and that an attachment to a top surface of a floor grate does not preclude a further or additional attachment to the floor grate or other structure. Plaintiff then outlines an infringement position supported by expert testimony (*see* Doc. 126-3 at 26-29) where the accused product includes a multi-piece pivot stand that attaches to the top surface <u>and</u> the bottom surface of the floor grate.

Defendant disagrees. Defendant pushes back on Plaintiff's suggestion that the "pivot stand" can be a multi-piece assembly and contends that its accused product is fundamentally different from the asserted claims of the '823 Patent. Defendant explains that the accused product has a collector ring (slip ring) that is attached to the slip ring mount tube. The slip ring mount tube is inserted into a mount plate, and the mount plate is secured to the bottom of the floor grate (center

4

well). Defendant notes that the accused product contains a pivot bracket that is attached to the frame for the auger and the cylinder in the pivot bracket's lower central portion goes through the floor grate. Defendant thus argues that the accused product has no structure that is both attached to the collector ring and attached to the top surface of the floor grate. Defendant rejects Plaintiff's argument about the bearing retainer and supports its arguments with expert testimony (*see* Doc. 143-2).

The Court finds that both sides have pointed out issues of fact on this claim element that preclude summary judgment. Defendant additionally notes issues of fact concerning the attachment of the pivot stand to the stationary portion of the collector ring (claim 1) and concerning the peaked top cover of the housing (claim 6). At this point, the claims have been construed and the issue is one of infringement or non-infringement. Each side has presented evidence from which a reasonable jury could find in its favor. Thus, the Court denies summary judgment on the issues of infringement and non-infringement of the asserted claims of the '823 Patent.[5]

**The '001 Patent:** Plaintiff seeks summary judgment of infringement on the asserted claims of the '001 Patent and supports its motion by referring to its amended infringement contentions and expert testimony. The principal issue of fact for the '001 Patent concerns the term "proximate" in claim 1, from which claims 6-8, 10, and 11 depend. Claim 1 recites "a first drive unit positioned proximate the first end of the sweep mechanism." '001 Patent at 6:16-17 (emphasis added). Defendant focuses on this element and explains that in its accused product the electric motor is on the other side of the collector ring from the auger with substantial other structures between the motor and auger (i.e., not proximate). Defendant makes additional non-infringement arguments.

---

[5] Plaintiff argues that Defendant is rehashing claim construction. The Court disagrees. The parties disputed the phrase "[a] pivot stand attached to a top surface of the floor grate," and the Court determined that this term had its plain and ordinary meaning but that "attached" means "joined, fastened, or connected." On this record, the issue is now one of infringement or non-infringement.

5

Defendant contends that claim 6 recites that the housing comprises a "peaked top cover" but that the accused product's alleged cover is angled or sloped. *Id.* at 6:34-35. And it argues that claim 8 recites that "the housing is attached to the sweep mechanism on another side of the housing" but that in its accused product the cover for the collector ring is attached to a frame structure and not the auger itself. *Id.* at 6:39-40. It supports these arguments with pictures from the manual and expert testimony.

The Court finds that issues of fact exist and that a reasonable jury could find that Defendant's accused product does not infringe. The Court denies Plaintiff's motion for summary judgment of infringement on the asserted claims of the '001 Patent.

**The '338 Patent:** Plaintiff also seeks summary judgment of infringement on the asserted claims of the '338 Patent by referring to its amended infringement contentions and expert testimony. But, like the '001 Patent, independent claims 1, 15, and 19 (from which the remaining asserted claims depend) include terms of degree precluding summary judgment. Claim 1 recites "a first drive unit positioned <u>proximate</u> the first end of the linear conveyor." *See* '338 Patent at 6:7-8 (emphasis added). Defendant argues that in its accused product the electric motor is on the other side of the slip ring from the auger with substantial other structures in between. Claim 15 recites "grain engaging portions" that "are spaced apart along a length of the linear conveyor from adjacent a first end thereof <u>proximate</u> the vertical pivot axis to a second end thereof," *id.* at 7:7-10 (emphasis added), and claim 19 recites "a plurality of discrete material engaging areas that are spaced apart along a radial length of the linear conveyor extending from a first end thereof that is <u>proximate</u> the vertical pivot axis," *id.* at 7:26-8:4 (emphasis added). Defendant argues that in its accused product there is a substantial gap between the pivot axis and the flighting on the auger,

6

thus rendering them not proximate. Defendant cites to its product manual and expert testimony to support these arguments.

The Court finds that issues of fact exist and that a reasonable jury could find that Defendant does not infringe the asserted claims. The Court denies Plaintiff's motion for summary judgment of infringement on the asserted claims of the '338 Patent.

## IV.   VALIDITY/INVALIDITY

Both summary-judgment motions also seek rulings on validity issues. Plaintiff seeks summary judgment in its favor on all validity issues in this case. Defendant's motion is more limited—it seeks summary judgment in its favor that the asserted claims in the '001 Patent and the '338 Patent are invalid based on the on-sale bar and that all asserted claims are invalid as either anticipated or rendered obvious by selected prior art.

Because a patent is presumed valid, Defendant has the burden at trial of establishing invalidity by clear and convincing evidence. 35 U.S.C. § 282(a). The validity challenges in this case take several forms, and the Court addresses each in turn.

**On-Sale Bar/Written Description:** An interesting validity issue in this case is Defendant's argument that the 2009 Kaskie Bros. sale is an invalidating prior art sale for the asserted claims of the '001 Patent and the '338 Patent because the '322 Provisional does not provide written description support for these claims. Putting this in context, Plaintiff admits that it publicly sold a bin sweep device that is within the scope of the asserted claims in September 2009 to Kaskie Bros. To avoid the on-sale bar under 35 U.S.C. § 102(b), the asserted claims must claim priority to the '322 Provisional. A non-provisional patent application may be afforded the filing date of a provisional application if it shares at least one common inventor and the written

7

description of the provisional application adequately supports the claims of the non-provisional application in accordance with 35 U.S.C. § 112 ¶ 1. *See* 35 U.S.C. § 119(e)(1).

The '322 Provisional and the asserted patents share a common inventor (i.e., Hoogestraat). But Defendant contends the '322 Provisional does not provide written description support for the asserted claims in the '001 Patent and the '338 Patent. The written description requirement in § 112 ¶ 1 is separate from the enablement requirement, and its function is to ensure that the patent applicant had possession of the specific subject matter claimed by him as of the filing date of the application relied upon. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010). The test for determining compliance with the written description requirement is whether the disclosure of the application relied upon reasonably conveys to the artisan (i.e., PHOSITA)[6] that the inventor had possession of the claimed subject matter on the filing date. *Id.*

Defendant argues the '322 Provisional does not provide written description support for two limitations in the independent claims in the '001 Patent and the '338 Patent. First, Defendant argues that the independent claims of the '001 Patent and the '338 Patent include limitations requiring a pivot pipe or stand "extending above a top surface of the floor grate." *See* '001 Patent at 6:7; *see also* '338 Patent at 5:61-62, 6:63-64, and 7:20-21. Defendant notes that the parties agreed (and the Court ruled) that these limitations place the pivot pipe somewhere other than directly on top of the floor grate, but Defendant contends the '322 Provisional describes a single embodiment where the pivot pipe is attached to the top of the floor grate. Thus, Defendant argues the asserted claims are broader and are not supported by the '322 Provisional.

But the Court must determine whether the disclosure of the application relied upon reasonably conveys to a PHOSITA that the person had possession of the claimed subject matter as

---

[6]   Person having ordinary skill in the art.

8

of the filing date. Plaintiff has come forward with expert testimony stating that a PHOSITA would have understood the '322 Provisional to disclose a pivot pipe or stand extending above a top surface of the floor grate at least from Figure 2 and ¶ 4 of the '322 Provisional in context with the remaining disclosure. Doc. 126-3 at 10-11. The expert then explains her opinion. The Court recognizes Defendant's criticism of Plaintiff's expert testimony and its reliance on *D Three Enterprises v. SunModo Corp*. But Plaintiff has created a triable issue of fact on whether the '322 Provisional provides written description support for this limitation, and a reasonable jury could return a verdict in Plaintiff's favor on this issue.

Second, Defendant argues that the independent claim of the '001 Patent requires a "sweep mechanism" and the independent claims of the '338 Patent require a "linear conveyor." *See* '001 Patent at 6:12-15; *see also* '338 Patent at 5:66-6:4, 7:5-10, and 7:25-8:4. Defendant notes that these limitations take the place of the "auger" limitation in the '823 Patent and highlights that the parties agreed (and the Court ruled) that these terms include more than a conventional "auger." Defendant argues that these broader elements were not disclosed in the '322 Provisional and, thus, are not supported by the '322 Provisional. But, again, Plaintiff comes forward with evidence including expert testimony indicating that a PHOSITA in February 2010 would have understood that "sweep mechanism" and "linear conveyor" refer to a genus of related mechanisms for moving solid material and that those genus terms encompassed an auger with flighting, a chain with paddles, a belt, a cleated belt, or the like. The expert supports her opinion by identifying a 2010 patent application grouping augers, belts, and paddles as alternative species within a genus of mechanisms used for conveying solid materials in connections with bins. Plaintiff again creates a triable issue of fact on whether the '322 Provisional provides written description support for this limitation, which precludes summary judgment.

Because Plaintiff has shown a genuine issue of material fact on whether the '322 Provisional provides written description support for the asserted claim of these two patents, the Court does not reach the ultimate issue raised in Defendant's motion—whether the 2009 Kaskie Bros. sale is an invalidating sale under § 102(b). The Court thus denies Defendant's summary-judgment motion on this invalidity issue.

Plaintiff, not to miss an issue, also moves for summary judgment in its favor that the '322 Provisional provides written description support for the asserted claims in the '001 Patent and the '338 Patent. For the reasons just discussed, the Court finds a triable issue of fact precludes summary judgment. Defendant has come forward with evidence and expert testimony that the '322 Provisional lacks written description support for the asserted claims (*see* Doc. 143-2 at 16-19), and a reasonable jury could return a verdict in Defendant's favor. The Court thus denies Plaintiff's motion for summary judgment on this validity issue.

**Anticipation/Obviousness:** The remaining validity issues are more conventional. Defendant contends that the asserted claims are invalid as anticipated (35 U.S.C. § 102) or rendered obvious (35 U.S.C. § 103) by selected prior art. Plaintiff contends the asserted claims are valid over all identified prior art.

Section 102 sets out the novelty (or non-anticipation) requirement and the types of activities that negate novelty. Relevant here is § 102(b), which states that a person is entitled to a patent unless "the invention was patented or described in a printed publication in this or a foreign country . . . more than one year prior to the date of application for patent in the United States." This section generally means that a patent claim is invalid as anticipated when every limitation of the claim is found in a single enabling prior art reference. *Structural Rubber Prods. Co. v. Park Rubber Co.*, 749 F.2d 707, 715 (Fed. Cir. 1984).

Section 103 discusses obviousness and states that "[a] patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a [PHOSITA] to which said subject matter pertains." The four factor test for obviousness has been stated as: (1) the scope and content of the prior art, (2) the level of ordinary skill in the art, (3) the differences between the claimed invention and the prior art, and (4) objective evidence of non-obviousness. *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 406 (2007).

***Morillon*:** Defendant contends that "Bin Sweeper Spirogyre S 210 Assembling and Maintenance Instructions" (Morillon) is a printed publication that anticipates claims 1 and 6 of the '823 Patent, claims 1, 6-8, and 11 of the '001 Patent, and claims 1, 4-9, 11-19, and 21-22 of the '338 Patent (e.g., all asserted claims except those directed to a motorized tractor).[7] Defendant cites to Valerio Pantalena's declaration, its invalidity contentions, and its disputed statements of fact to support this argument. Plaintiff responds that Morillon was not publicly available by the critical date and, therefore, is not a printed publication under § 102(b). Plaintiff also contends that Morillon (even if a printed publication) does not anticipate any asserted claim and has been considered by the United States Patent and Trademark Office (USPTO).[8]

---

[7] The claims directed to a motorized tractor are claim 8 of the '823 Patent, claim 10 of the '001 Patent, and claim 10 of the '338 Patent.

[8] Plaintiff frequently repeats that the prior art has been considered by the USPTO. It seems Plaintiff overstates its position. For example, the cover of the '338 Patent identifies Morillon under OTHER PUBLICATIONS but the '001 Patent and the '823 Patent do not. The Court recognizes that these patents are continuations and share the same specification. But invalidity is analyzed on a claim by claim basis. Thus, the Court questions Plaintiff's argument that the USPTO considered Morillon for all asserted claims. Regardless, the Court is mindful of Plaintiff's argument and these facts but finds that issues of fact still preclude summary judgment on all validity issues raised in Plaintiff's motion.

11

The Court starts with the predicate issue of whether Morillon is a printed publication. The printed-publication provision of § 102(b) is designed to protect against the withdrawal of subject matter that is already within the public domain. Thus, the printed publication must be publicly accessible to constitute a bar under § 102(b). *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986) (stating that public accessibility is the touchstone in determining whether a reference is a printed publication under § 102(b)). Defendant contends Morillon was publicly accessible by the critical date because persons interested and ordinarily skilled in the art could locate Morillon with the exercise of reasonable diligence. Defendant principally relies on Pantalena's declaration to establish that Morillon was publicly available. In his declaration, Pantalena states that he is a former employee of Framé S.p.A. who asked for and received via an April 22, 2008 email a PDF copy of Morillon from the company Morillon SAS. *See* Doc. 119-11.

Plaintiff counters that Morillon was not publicly available. Plaintiff points to the copying and publication restrictions on certain pages of Morillon and to Pantalena's receipt of Morillon only after making a special request as customer. *But see Crane Co. v. Goodyear Tire & Rubber Co.*, 577 F. Supp. 186, 197 (N.D. Ohio 1983) (finding documents to be prior publication and stating that "the mere words 'restricted' or 'confidential' on a document is of no consequence where plaintiff intended to and actually did distribute the documents to its major commercial customers who comprised the interested population in the United States"). Plaintiff also challenges portions of Pantalena's declaration as lacking knowledge or involving hearsay and points to expert testimony indicating Morillon was not available to the public. *See* Doc. 126-3 at 13.

On this record, the Court finds an issue of fact exists as to whether Morillon was publicly accessible. A reasonable jury could find for either party on this issue. The Court thus cannot conclude that Morillon is a printed publication under § 102(b) and, likewise, cannot conclude that

Morillon discloses all the limitations of the asserted claims lacking a motorized tractor.[9] The Court denies Defendant's motion for summary judgment on this issue. For similar reasons, it also denies Plaintiff's motion for summary judgment about Morillon. There are disputed issues of fact including Pantalena's declaration and public accessibility. *See e.g.*, Doc. 143-2 at 85. And even if Morillon is deemed a printed publication for purposes of Plaintiff's summary-judgment motion, Defendant has identified issues of fact about Morillon's substantive disclosure from which a reasonable jury could find that Morillon invalidates the asserted claims. Doc. 143 at 90-92; Doc. 143-2 at 85-101.

*__Chief/Neuero and Lizambard__*: Defendant next seeks summary judgment of invalidity because the asserted claims are rendered obvious by various combinations of prior art. Defendant contends the asserted claims not directed to a motorized tractor are rendered obvious by (1) "Permanent Silo Sweep Augers, Technical Data Sheet TDS-460" (Chief) in view of published European patent application EP1516836A1 (Lizambard) and (2) "Neuero stationäre Fegeschnecke" (Neuero) in view of Lizambard. For the claims directed to a motorized tractor, Defendant contends they are rendered obvious by (1) Chief in view of Lizambard in further view of the '372 Publication and (2) Neuero in view of Lizambard in further view of the '372 Publication.[10] Defendant points to invalidity charts and expert testimony to support its arguments. Plaintiff principally responds by identifying shortcomings in Chief, Lizambard, Neuero, and by

---

[9] Defendant further contends the asserted claims directed to a motorized tractor (claim 8 of the '823 Patent, claim 10 of the '001 Patent, and claim 10 of the '338 Patent) are rendered obvious by the combination of Morillon and Plaintiff's U.S. patent application publication number 2005/0263372 (the '372 Publication). Because the predicate issue of public accessibility exists for that argument, the same issues of fact preclude summary judgment on Defendant's obviousness arguments involving Morillon. The Court therefore denies summary judgment to both parties on the obviousness arguments based on Morillon.

[10] There is a factual dispute as to whether Neuero constitutes prior art. *See* Doc. 126 at 76; Doc. 132 at 73.

-
-

arguing about secondary consideration of non-obviousness. Plaintiff provides expert testimony to support its positions.

The principal issue of fact precluding summary judgment is whether these prior art combinations render obvious the claim limitation "a housing covering at least a top of the collector ring" or "a housing surrounding the collector ring." The asserted independent claims include one of these limitations. *See, e.g.*, '823 Patent at 6:11; '001 Patent at 6:21; and '338 Patent at 6:12, 7:1, and 8:11. Defendant contends that Chief and Lizambard render these limitations obvious and cites expert testimony for support. *See, e.g.*, Doc. 119 at 55-56; Doc. 119-25 at 7-9; Doc. 132 at 65. Plaintiff responds that neither reference teaches these limitations (e.g., Chief and Lizambard disclose a cover for a drive unit and not the collector ring) and this combination would not have motivated a PHOSITA to provide a housing that covers at least the top of the collector ring or that surrounds the collector ring. Doc. 126 at 74-75. Plaintiff also identifies supporting expert testimony. Doc. 126-3 at 22-24. The parties make similar arguments for Neuero and Lizambard. *See* Doc. 119 at 55 ("Moreover, because Neuero shows a machine that is structurally the same as the Chief reference it applies to the asserted claims with the same force and effect as Chief below."); Doc. 126 at 76 ("Even if Neuero was old enough, it is still merely cumulative and therefore insufficient.").

A reasonable jury could find these prior art combinations do not render the asserted independent claims obvious and return a verdict in Plaintiff's favor. These disputed limitations also preclude summary judgment for the claims directed to a motorized tractor because those claims depend from the independent claims. The Court thus denies Defendant's motion for

summary judgment of invalidity under § 103.[11] The same issues of fact preclude Plaintiff's motion for summary judgment on these combinations, so the Court likewise denies it.[12]

***Other References*:** Plaintiff's motion also seeks summary judgment in its favor on additional prior art references. Plaintiff contends the asserted claims are not rendered obvious by the combination of United States patent number 3,449,840 (Francis) and other prior art. *See* Doc. 142 at 96-97. Plaintiff argues Francis does not disclose, teach, or suggest the independent claim limitations "a housing covering at least a top of the collector ring" or "a housing surrounding the collector ring" and contends Defendant does not cite evidence suggesting a motivation to modify Francis. Plaintiff cites the prosecution history for the '001 Patent and the '338 Patent and expert testimony for support. *See id.*; *see also* Doc. 139-21 at 9-10. Defendant responds that a PHOSITA would have been motivated to add the housing limitations to Francis based on multiple prior art references[13] and that the motivation comes "from the common sense recognition that grain bins contain explosive dust, and housing helps protect the collector ring—an electronic device—from that dust" or pressure. Doc. 143 at 86. Defendant cites detailed expert testimony for support. Doc. 143-2 at 21-29.

The Court finds that issues of fact exist and that a reasonable jury could find that Francis and the other identified prior art render the asserted claims obvious. The Court denies Plaintiff's motion for summary judgment on this issue.

---

[11] In addition to these disputed claim limitations, issues of fact concerning secondary considerations of non-obviousness also preclude summary judgment. Plaintiff contends the secondary considerations of commercial success, copying, and licensing indicate the claims are not obvious. Doc. 126 at 77-78. Defendant disputes these facts and argues these factors support a finding of obviousness. Doc. 132 at 74-75. A reasonable jury could return a verdict in Plaintiff's favor.

[12] The issues of fact concerning secondary considerations apply equally to Plaintiff's motion.

[13] These references include U.S. patent numbers 4,701,093 (Meyer), 3,064,831 (Cook), 3,233,755 (Glenn), and, 4,063,654 (Shivvers), and U.S. patent application publication number 2008/0131242 (Duffy).

Lastly, Plaintiff moves for summary judgment on the Cantenot and "Vis de Vidange integrale Integral Sweep Augers" (Denis II) references. Doc. 142 at 100-01 and 107-08. Similar issues of fact preclude summary judgment for these references. Plaintiff supports its arguments with expert testimony. Doc. 139-21 at 16-19 (discussing Cantenot and its shortcomings) and at 25-27 (discussing Denis II and its shortcomings). And Defendant responds to these arguments with detailed expert testimony. Doc. 143-2 at 63-85 (discussing Cantenot) and 101-113 (discussing Denis II). A reasonable jury could find that Cantenot or Denis II in combination with the other identified prior art renders obvious the asserted claims. The Court denies summary judgment.[14]

## V. REMAINING ISSUES

The Court has resolved the bulk of the issues raised by briefing. But a few issues remain. The Court turns to those issues.

**Willful Infringement:** Plaintiff's summary-judgment motion also seeks summary judgment in its favor that Defendant has willfully infringed the asserted patents. Doc. 142 at 93-94. This issue is significant because a patent owner may seek enhanced damages (up to three times the amount found or assessed) under 35 U.S.C. § 284 when an infringer has willfully infringed the patent. When the Supreme Court addressed the standard for enhanced damages, it rejected the Federal Circuit's prior rigid two-part test. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932-33 (2016). The Supreme Court held that an award of enhanced damages under § 284 is left to the district court's discretion but cautioned that "such punishment should generally be reserved for egregious cases typified by willful misconduct." *Id.* at 1934.

---

[14] Plaintiff makes an additional argument about "Sweep Augers DNS & BM" (Denis I). Defendant concedes that at this point it has been unable to find evidence of Denis I's publication date and thus is not currently relying on it as a prior art. Doc. 143 at 93.

Plaintiff seeks summary judgment of willful infringement based on three principal pieces of evidence: (1) Defendant knew about Plaintiff's device before launching the accused product, (2) an indemnity provision in Defendant's purchase agreement with AGI,[15] and (3) early internal emails between AGI noting Plaintiff may have an infringement argument. Defendant counters with arguments mitigating this evidence and again highlights its non-infringement and invalidity arguments detailed in this order. The baseline is that Plaintiff cannot get summary judgment of willful infringement when it has not even shown entitlement to summary judgment of infringement. Issues of fact exist, and a reasonable jury could return a verdict in Defendant's favor. The Court denies summary judgment on this issue.

**Attorney Fees:** Plaintiff also argues that Defendant's counterclaim for attorney fees should be dismissed. Doc. 142 at 108-09. This counterclaim stems from 35 U.S.C. § 285, which states that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." Plaintiff contends it is the prevailing party entitled to attorney fees because Defendant is liable for willful infringement and its invalidity claims are meritless. The Court has denied Plaintiff's summary-judgment motion on each predicate issue and likewise denies it on this issue. A reasonable jury could return a verdict finding the asserted claims not infringed and invalid, rendering Defendant a prevailing party and requiring the Court to determine the appropriateness of attorney fees under § 285. The Court denies Plaintiff's motion on this issue.

**First Motion to Strike:** Plaintiff moves to strike four portions of Defendant's summary-judgment reply brief: (1) the construction for "pivot stand," (2) the obviousness argument involving Morillon, (3) the invalidity argument based on the Morillon product, and (4) the

---

[15]   Defendant is a wholly-owned subsidiary of AGI and became a subsidiary on April 4, 2017 upon a share purchase.

enablement and prior-art status of Chief and Neuero. The Court finds none of these arguments warrant the relief Plaintiff seeks.

First, Defendant did not inject a new claim construction argument for "pivot stand" or improperly rehash claim construction arguments. Rather, Defendant made an appropriate non-infringement argument based on the construed terms. *See supra* footnote 5.

Second, Defendant expressly stated in its opening motion that Morillon anticipates all asserted claims except those directed to a motorized tractor, *see* Doc. 119 at 51, and that those claims (the motorized tractor claims) are rendered obvious by Morillon and the '372 Publication, *see id.* at 59. Thus, it is unclear why Plaintiff waited until after Defendant's reply to move to strike the allegedly untimely obviousness argument. Regardless, the Court denied Defendant's summary-judgment motion. *See supra* Section IV (Morillon). Plaintiff can raise any perceived untimeliness issues with the magistrate judge when he lifts the stay and takes up issues of scheduling and discovery.

Third, and relatedly, Defendant expressly directs its invalidity arguments involving Morillon to the <u>document</u>, not the <u>product</u>. *See* Doc. 119 at 49-53. Thus, this issue is not material to the pending motion and any related untimeliness concerns can be addressed with the magistrate judge.

Fourth, Defendant's opening brief also sets forth Defendant's position that Chief and Neuero are prior art, *see id.* at 21, 24, and explains that <u>anticipating</u> prior art must be enabling, *id.* at 53. Defendant does not contend §103 art must be enabling. And the case law indicates Defendant is correct. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1357 (Fed. Cir. 2003) ("Under § 103, however, a reference need not be enabled; it qualifies as a prior art, regardless, for whatever is disclosed therein."); *Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1578 (Fed.

18

Cir. 1991) ("While a reference must enable someone to practice the invention in order to anticipate under § 102(b), a non-enabling reference may qualify as prior art for the purpose of determining obviousness under § 103."). Thus, Plaintiff has not shown a basis for relief.

After considering Plaintiff's arguments, the Court exercises its discretion and determines that the requested relief is not warranted. Plaintiff has not shown a basis for striking portions of Defendant's brief or justifying the filing of a sur-reply. Plaintiff's motion also does not comply with the local rules to the extent it seeks leave to file a sur-reply. *See* D. Kan. Rule 15.1. The Court denies the motion.

**Second Motion to Strike:** Plaintiff again moves to strike portions of Defendant's opposition and raises three arguments. The first two arguments essentially renew arguments raised in Plaintiff's first motion to strike concerning the Morillon document and product and the Neuero reference. Plaintiff has not shown that these issues should be stricken. And the related timeliness and disclosure issues can be taken up with the magistrate judge when he lifts the stay and takes up issues of scheduling and discovery. The third argument relates to a perceived untimely advice-of-counsel defense. The Court denied Plaintiff's motion for summary judgment of infringement, and its motion for willful infringement necessarily falls as a result. Thus, this third issue does not impact the Court's summary-judgment ruling so there is no need to strike it. It also seems Plaintiff stretches a bit far to describe Defendant's argument as an advice-of-counsel defense. The Court denies Plaintiff's second motion to strike.

The Court has resolved the principal issues raised by the parties. Any issue not specifically addressed is denied based on disputed issues of fact.

**VI.    CONCLUSION**

The Court recognizes that this is a contentious case and that summary-judgment motions get filed for a multitude of reasons in patent cases. But the four motions with related exhibits (admittedly some exhibits are duplicates) total over 2800 pages. The Court questions whether motions going to nearly every dispositive issue at this stage of the case is the most efficient use of the Court's and the parties' resources. But that is the course the parties elected. The Court encourages both parties to focus their arguments as this case progresses to trial and cautions the parties that it will likely limit the number of asserted claims and invalidity positions presented to a jury.

THE COURT THEREFORE ORDERS that Defendant's motion for summary judgment (Doc. 118) is DENIED.

THE COURT FURTHER ORDERS that Plaintiff's motion to strike (Doc. 133) is DENIED.

THE COURT FURTHER ORDERS that Plaintiff's cross-motion for summary judgment (Doc. 138) is DENIED.

THE COURT FURTHER ORDERS that Plaintiff's second motion to strike (Doc. 144) is DENIED.

IT IS SO ORDERED.

Dated: March 10, 2021                                       */s/ Holly L. Teeter*
                                                            HOLLY L. TEETER
                                                            UNITED STATES DISTRICT JUDGE

20